**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

IN RE:

**LUAR CLEANERS INC**

    **Debtor(s)**

**CASE NO. 14-04974**

**CHAPTER 11**

**FILED & ENTERED ON 06/29/2016**

### OPINION & ORDER

Pending before the court are creditor *WM Capital Partners 53, LLC's ("WM Capital") Motion to Dismiss or Convert* [Dkt. No. 142], *Debtor's Opposition to the Motion to Dismiss* [Dkt. No. 158] and, *WM Capital's Reply Brief* [Dkt. No. 160]. WM Capital and the Debtor presented oral argument at a hearing held June 8, 2016. At the conclusion of the hearing, the court took this matter under advisement.

When considering a motion under section 1112(b), the initial burden is on the movant to argue and present evidence by a preponderance of the evidence standard to prove its position that there is cause for either conversion or dismissal of the chapter 11 case, whichever is in the best interests of creditors and the estate. See 7 Collier on Bankruptcy ¶ 1112.04[4] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). "Thus, until the movant carries this burden, the statutory direction that the court 'shall convert the case to a case under chapter 7 or dismiss the case' is not operative." Id. Once cause is found, the burden shifts to the opposing party to show why dismissal or conversion would not be in the best interests of the estate and the creditors. See In re Dr. R. Samanta Roy Institute of Science Technology Inc., 465 Fed.Appx. 93, 96–97 (3rd Cir.

-1-

2011). Once the movant establishes "cause," the burden shifts to the debtor to demonstrate with evidence the "unusual circumstances" that establish that dismissal or conversion to chapter 7 is not in the best interests of the creditors and the estate. See 7 Collier on Bankruptcy ¶ ¶ 1112.05[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). The bankruptcy court retains discretion in determining whether unusual circumstances exist and whether conversion or dismissal is in the best interest of creditors and the estate. See id.; In re Gilroy, 2008 WL 4531982, 2008 Bankr. Lexis 3968. A determination of unusual circumstances is fact intensive and contemplates facts that are not common to chapter 11 cases. See 7 Collier on Bankruptcy ¶ ¶ 1112.05[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). The bankruptcy court may not convert or dismiss a case if: "(1) there is a reasonable likelihood that a plan will be confirmed within a reasonable time; (2) the 'cause' for dismissal or conversion is something other than a continuing loss or diminution of the estate coupled with a lack of reasonable likelihood of rehabilitation; and (3) there is a reasonable justification or excuse for a debtor's act or omission and the act or omission will be cured within a reasonable time." In re Orbit Petroleum, Inc., 395 B.R. 145, 148 (Bankr. D.N.M. 2008), aff'd 421 B.R. 602 (10th Cir. BAP 2009).

WM Capital details in its motion to dismiss numerous examples of the Debtor's lack of diligence in the prosecution of its case to establish cause for dismissal or conversion under section 1112(b). (i.e., Debtor's failure to comply with the orders of this court, Debtor's failure to timely file its monthly operating reports, Debtor's failure to serve documents by first class mail to WM Capital, and Debtor's failure to comply with Local Rules requirements.) While the court does not find these instances wholly irrelevant to section 1112(b), their relevance to a determination of cause specifically under subsection (b)(4)(F) is limited to whether the failure in question was, as that subsection requires, "unexcused." 11 U.S.C. § 1112(b)(4)(F).

WM Capital asserts cause exists under section 1112(b)(4)(F) due to an unexcused failure to satisfy timely any filing or reporting requirement established by the Bankruptcy Code or by any rule applicable to a case under chapter 11. A debtor-in-possession is required to perform the duties of a trustee specified in section 704(a)(8), which mandates the filing of periodic operating reports and summaries and such other information as the United States trustee or court requires if the business of the debtor is authorized to be operated. 11 U.S.C. §§ 704(a)(8), 1106(a)(1). Since the inception of this bankruptcy case, the Debtor has failed repeatedly to comply in a timely manner, or at all, with some of the most fundamental filing and reporting requirements applicable to a chapter 11 debtor.

Local Bankruptcy Rule 2015-2(a) requires, in relevant part, that chapter 11 debtors file monthly operating reports ("MOR") no later than the twenty-first (21) day of the subsequent month:

> (a) Chapter 11 and 13 Monthly Financial Reports. A chapter 13 business debtor as defined in 11 U.S.C. § 1304(a), or a chapter 11 debtor in possession, or a chapter 11 trustee must file with the court a monthly financial report signed under penalty of perjury, and served on the United States trustee and each member of any committee or appointed. Each report is due on the twenty-first (21st) day of the subsequent month.

Other than a few exceptions, Debtor has consistently failed to file its MOR's within the time required by Local Rule 2015-2(a).[1] Moreover, as of the date of this Opinion, the Debtor has not yet filed the MOR for the month of May 2016 which was due no later than June 21, 2016. As

---

[1] June, 2014's MOR was filed on November 24, 2014 Docket No. 38; July, 2014's MOR was filed on November 24, 2014 Docket No. 39; August, 2014's MOR was filed on November 24, 2014 Docket No. 39; September, 2014's MOR was filed on November 24, 2014 Docket No. 40; October, 2014's MOR was filed on November 24, 2014 Docket No. 41; December, 2014's MOR was filed on January 22, 2015 Docket No. 53; January, 2015's MOR was filed on September 9, 2015 Docket No. 67; February, 2015's MOR was filed on September 9, 2015 Docket No. 68; March, 2015's MOR was filed on September 9, 2015 Docket No. 69; April, 2015's MOR was filed on September 9, 2015 Docket No. 70; May, 2015's MOR was filed on September 9, 2015

another court observed, "[t]o reap the benefit of chapter 11, the debtor must pay the price of disclosure; he or she needs to provide financial and other relevant information to the creditors to inform them and the Court about the progress and status of the case." In re Tornheim,181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995). The Debtor has failed to file timely, accurate monthly reports. The fact that the Debtor eventually filed its MOR's does not cure this problem. The late filing of catch-up monthly reports does not "satisfactorily explain or excuse failure to satisfy [a debtor's] duties as a chapter 11 debtor." In re Landmark Atlantic Hess Farm, LLC, 448 B.R. 707, 716–17 (Bankr. D.Md. 2011). Likewise, the Debtor has failed to articulate any justifiable reason or excuse for the late filing of these MORs, which have deprived creditors and parties-in-interest from obtaining sufficient information as to the status of the Debtor's operations.

Section 1112(b)(4)(E) provides that a debtor's "failure to comply with an order of the court" is cause to convert or dismiss a chapter 11 case. 11 U.S.C. § 1112(b)(4)(E). This section gives effect to the notion that compliance with court orders is a fundamental obligation of any party. As one court noted, "[b]ecause ... violations [of a court's orders] are disrespectful to the Court, they are disrespectful to the judicial process." Babakitis v. Robino (In re Robino), 243 B.R. 472, 487 (Bankr. N.D.Ala. 1999). Section 1112(b)(4)(E) also reflects the fact that the protections that a debtor gains under the Bankruptcy Code travel in tandem with many obligations that the debtor must meet. As the Robino court noted, "[i]n the bankruptcy context, if a debtor wants the protection the Bankruptcy Code offers, that debtor must be willing to abide by

Docket No. 71; June, 2015's MOR was filed on September 9, 2015 Docket No. 72; July, 2015's MOR was filed on September 9, 2015 Docket No. 73; October, 2015's MOR was filed on December 1, 2015 Docket No. 111; November, 2015's MOR was filed on January 25, 2015 Docket No. 117; December, 2015 MOR was filed on January 25, 2015 Docket No. 118; January, 2016 MOR was filed on February 29, 2016 Docket No. 126; February, 2016's MOR was filed on April 25, 2016 Docket No. 133; and April, 2016's MOR was filed on May 25, 2016 Docket No. 153.

-4-

the orders a court enters." Id. Notably, this section does not require that the debtor's failure to comply be willful, or the product of bad faith or fraud.

In the two years that this case has been pending, the Debtor has failed on several occasions to comply with this court's orders. In at least five separate instances, this court has ordered Debtor to show cause as to why the case should not be dismissed or converted for failure to comply with its Orders. See Orders Dkt. No. 34; Dkt. No. 56; Dkt. No. 61; Dkt No. 115; and Dkt No. 134. Moreover, as a result of Debtor's failure to comply with court orders, the case was previously dismissed. See Dkt. No. 36. By the same token, on January 30, 2015, this court denied Debtor's motion to consolidate cases, as Debtor had failed to comply with the court's January 7th, 2015's Order requesting additional information entered at Docket number 49. See Docket No. 54. Based on the entire record, these grounds constitute cause to convert or dismiss this case under section 1112(b).

In its opposition, the Debtor does not dispute WM Capital's version of events. Debtor states that it has complied with all of the duties of a debtor in possession; that they have complied with all the court's orders, and further Debtor stresses that a disclosure statement and plan had already been filed when WM Capital purchased the debt from the previous creditor. The remainder of Debtor's opposition focuses on its burden to demonstrate unusual circumstances in this case as set forth in In Re Costa Bonita Beach Resort, 513 BR 184, 199 (Bankr. D.P.R. 2014). As previously stated, the bankruptcy court may not convert or dismiss a case if: (1) there is a reasonable likelihood that a plan will be confirmed within a reasonable time; (2) the 'cause' for dismissal or conversion is something other than a continuing loss or diminution of the estate coupled with a lack of reasonable likelihood of rehabilitation; and (3) there is a reasonable justification or excuse for a debtor's act or omission and the act or omission will be cured within

a reasonable time. See supra page 2. Debtor argues that it meets all three of the requirements which demonstrate unusual circumstances. Since all three are necessary, the court will focus on the first factor – reasonable likelihood that a plan will be confirmed within a reasonable time. The Debtor filed its first plan of reorganization on September 4, 2015 [Dkt. No. 64] and subsequently filed three amended plans, one of which was stricken by the court. [See Dkt. No. 132]. Each plan has been objected to by one or more creditors and the last amended plan faces opposition by WM Capital. The amended plan [Dkt. No. 138] contains provisions regarding the payment of WM Capital's secured claims and to the unsecured creditors that may be objectionable and will thereby prolong the confirmation process beyond a 'reasonable time.' As this factor is not met, there is no need to continue the analysis. The Debtor has not demonstrated that unusual circumstances are present in this case.

This brings the court to its final decision as to the proper remedy. Section 1112 requires the court to determine whether dismissal or conversion is in the best interests of creditors and the estate. Unfortunately, courts are rarely given any evidence to aid in making this decision, which makes it difficult to render specific findings. In the above captioned case, WM Capital does not provide the court with any preference over dismissal or conversion. In the court's review of the schedules, the amended disclosure statement and plan, as well as the claims filed, it does not appear that a chapter 7 trustee would have anything to distribute to the unsecured creditors. The secured creditors are able to liquidate their collateral outside of bankruptcy. No party has indicated that there are potential avoidance actions through which a trustee might realize significant recovery for the estate. The appointment of a chapter 7 trustee would cause the estate to incur additional administrative expenses. Given these facts, the court finds that the captioned

case is not appropriate for conversion and it is in the best interests of creditors and the estate to dismiss this case.

The evidence in this case established that there is cause to convert or dismiss the petition pursuant to 11 U.S.C. § 1112(b)(4)(E) and (F).  The court concludes that dismissal is in the best interest of creditors as unsecured creditors are not likely to receive a dividend upon liquidation and no "unusual circumstances" have been demonstrated.

SO ORDERED

San Juan, Puerto Rico, this 29th day of June, 2016.

Brian K. Tester
U.S. Bankruptcy Judge